IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LADY GONZALEZ : CIVIL ACTION

     v. :

CITY OF PHILADELPHIA, et al : NO. 09-936

O'NEILL, J.                                                                                                                               June 4, 2009

### MEMORANDUM

     Plaintiff Lady Gonzalez filed a complaint on March 5, 2009 against defendants' City of Philadelphia, Police Officers Robert McDonnell, Jr., Jeffrey Cjudik, Richard Cjudik, Thomas Tolstoy, Mark Palma and four John Does. Pending before me is a motion by all defendants except the four John Does for an indefinite stay of this action pending completion of a joint FBI/Philadelphia Police Internal Affairs Division investigation of the events of December 14, 2007 at or near 1923 E. Thayer Street, Philadelphia and plaintiff's response.

     Plaintiff alleges that defendant Police Officer Robert McDonnell obtained Search Warrant No. 132731, which contained his sworn statement that, on or about December 11, 2007, he went to the 1900 Block of E. Thayer Street along with Ventura Martinez, a paid Philadelphia Police Department Informant referred to as Informant #103.

     Plaintiff further alleges that in his sworn statement Officer McDonnell attested and subsequently testified under oath in Court that on December 11, 2007 he directed Martinez to 1923 E. Thayer Street and observed Martinez purchase cocaine from a Hispanic male in exchange for "buy money" supplied by the Philadelphia Police Department. Plaintiff also claims

that Martinez has publicly denied and repudiated this attestation and testimony of defendant McDonnell.

Plaintiff further alleges that on December 14, 2007, the defendant police officers, pursuant to the authority granted in Search Warrant No. 132731, entered her home at 1923 E. Thayer Street and that during the search of her home an armed member of the search warrant execution team sexually assaulted her. Plaintiff further alleges that, upon conclusion of the search, no drugs were found. However, defendant Officer Jeffrey Cjudik then went to a back room and reported that he recovered drugs inside of a pouch hidden inside of a teddy bear.

Plaintiff alleges that she was arrested and charged with serious drug offenses, exposing her to a possible jail sentence of twenty (20) years and a fine of $200,000.00, and that on or about March 25, 2008 all of the charges against her were dismissed at the preliminary hearing level.

Plaintiff contends that, as a result of the defendant police officers' actions, she has suffered serious and permanent trauma; that her injuries were a direct result of the City of Philadelphia Police Department's policies, customs, practices and training regarding police conduct; and that these actions violated her constitutional rights.

Defendants make the following representations: that the events of December 14, 2007 at or near 1923 E. Thayer Street are the subject of an ongoing joint investigation by the Federal Bureau of Investigation Philadelphia Office and the Philadelphia Police Department's Internal Affairs Department; and that the investigation was instituted in response to public statements made by former police confidential informant Martinez that narcotics officers from the Philadelphia Police Department falsified information provided by him in affidavits of probable cause to acquire search warrants for drug-related activity. In addition, defendants represent that,

according to articles published in the Philadelphia Daily News, Martinez has repudiated his testimony in as many as 53 drug-related criminal cases and that several of the named individual defendant police officers in this matter are implicated in the alleged wrongdoing and may currently be the subjects of the investigation. Finally, defendants represent that in the course of its investigation the FBI has taken possession of a large amount of documentation relating directly or indirectly to the underlying incident, including police arrest reports, affidavits of probable cause, arrest warrants, court transcripts, witness statements, the entire Philadelphia Police Department file for Informant. #103, police personnel files, Philadelphia Police Internal Affairs files and other police documentation.

The decision of whether to stay a civil proceeding is committed to the discretion of the District Court and is governed by the analysis in Golden Quality Ice Cream Co. v. Deerfield Speciality Paper, 87 F.R.D. 53 (E.D. Pa. 1980):

> Broadly stated, in terms of the problems presented by this litigation, the principal factors are fivefold: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 56.

In my view, the first two factors, the interest of plaintiff in proceeding expeditiously and the potential prejudice to her of a delay, and the burden which the proceedings may impose on defendants, are the ones principally implicated in this case.

Plaintiff clearly has the right to pursue her case expeditiously. As counsel for plaintiff

3

asserts, a stay may allow for the recollection of witnesses to be weakened, the loss of contact with witnesses, service of process on defendants to become difficult, statute of limitations issues to arise and the preservation of evidence necessary for plaintiff to carry her burden of proof jeopardized.[1]

      On the other hand, the following factors justify the grant of a stay which will be limited because I have not been told how long the investigation has been proceeding and when it likely will conclude.  If subject to deposition in this action, the individual defendants likely will assert their Fifth Amendment right not to testify, thus exposing them to the evidentiary significance of the choice to remain silent.  Moreover, a change of counsel will be necessary if the individual defendants are found to have acted outside of the scope of their employment – in that event the City Solicitor would not continue to represent them.  The fact that the FBI now has custody and control of the documents described above, many of which may be discoverable in this civil action, probably means that they will not be available for production during the pendency of the investigation.  Additionally, this case involves the same issue being investigated by the FBI and IAD, i.e. that the defendant officers falsified information provided by Informant #103 in affidavits of probable cause to obtain search warrants in drug-related investigations.  These factors, when combined with the unavailability of the defendant officers for deposition testimony, will make it nearly impossible to litigate effectively this matter at this time.

      Balancing the above factors, I conclude that a stay of ninety days is warranted.  After the expiration of the stay, the parties shall report the status of the investigation to my deputy Charles

---

[1] The persuasiveness of this assertion is diminished by the fact that this suit was not instituted until over fourteen months after the events at issue.

Ervin. However, this stay should not preclude plaintiff from amending her complaint to identify the John Doe defendants as listed on the praecipe filed on April 6, 2009 and adding them as named defendants.

      An appropriate Order follows.